UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER C. L. CUSTER, M.D. | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO: 4:CV-00-1860 |
| | : | (Judge John E. Jones III) |
| PENN STATE GEISINGER HEALTH | : | |
| SYSTEM, GEISINGER MEDICAL | : | |
| GROUP – LEWISTOWN, PENN | : | Electronically Filed |
| STATE GEISINGER CLINIC, | : | |
| t/d/b/a PENN STATE GEISINGER | : | |
| HEALTH GROUP – LEWISTOWN | : | JURY TRIAL DEMANDED |
| Defendants | | |

**<u>RESPONSE OF PLAINTIFF,
CHRISTOPHER C.L. CUSTER, M.D.,
TO MOTION IN LIMINE FILED BY
DEFENDANT, PENN STATE GEISINGER HEALTH SYSTEM,
GEISINGER MEDICAL GROUP – LEWISTOWN,
PENN STATE GEISINGER CLINIC
t/d/b/a PENN STATE GEISINGER HEALTH GROUP – LEWISTOWN</u>**

NOW COMES, Plaintiff, Christopher C.L. Custer, M.D. ("Dr. Custer"), by and through his attorneys, Peters & Wasilefski, and responds to the Motions in Limine filed by Defendant, Penn State Geisinger Health System, Geisinger Medical Group – Lewistown, Penn State Geisinger Clinic t/d/b/a Penn State Geisinger Health Group – Lewistown ("Geisinger"), as follows:

1. Plaintiff, Dr. Custer, admits the allegations contained in Paragraph 1 of the Motions in Limine filed by Defendant, Geisinger.

2. Plaintiff, Dr. Custer admits the allegations contained in Paragraph 2 of the Motions in Limine filed by Defendant, Geisinger.

3. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 3 of the Motions in Limine filed by Defendant, Geisinger. After reasonable investigation, Plaintiff, Custer, is without knowledge or information sufficient to form a belief as to the truth of said allegations and proof thereof is demanded.

4. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 4 of the Motions in Limine filed by Defendant, Geisinger. After reasonable investigation, Plaintiff, Custer, is without knowledge or information sufficient to form a belief as to the truth of said allegations and proof thereof is demanded.

5. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 5 of the Motions in Limine filed by Defendant, Geisinger. After reasonable investigation, Plaintiff, Custer, is without knowledge or information sufficient to form a belief as to the truth of said allegations and proof thereof is demanded.

6. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 6 of the Motions in Limine filed by Defendant, Geisinger. To the contrary, the jury selection for the summary trial in this matter is scheduled for November 6, 2005 and jury selection for the main trial is scheduled for December 5, 2005.

**A. MOTION IN LIMINE 1 – THAT, WITHOUT LIMITATION, DEFENDANTS BE PERMITTED TO INTRODUCE ANY AND ALL STATEMENTS MADE BY THE PLAINTIFF IN HIS COUNTER-STATEMENT OF MATERIAL FACTS SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS BINDING JUDICIAL ADMISSIONS.**

7. Plaintiff, Dr. Custer, admits the allegations contained in Paragraph 7 of the Motions in Limine filed by Defendant, Geisinger.

8.      Plaintiff, Dr. Custer, admits the allegations contained in Paragraph 8 of the Motions in Limine filed by Defendant, Geisinger.

9.      Plaintiff, Dr. Custer, admits in part and denies in part the allegations contained in Paragraph 9 of the Motions in Limine filed by Defendant, Geisinger.  It is admitted that the statement is a correct recitation of law.  However, it is denied that such concept is applicable to the Counter-Statement of Material Facts filed by Plaintiff, Dr. Custer, in this case.  To the contrary, the Counter-Statement of Material Facts was nothing more than a summary and interpretation of information contained in depositions, documents and other exhibits that were obtained during the discovery in this case in order to provide information to the Court in summary form to assist the Court in deciding the Motion for Summary Judgment then pending before the Court.  Every item of deposition testimony, document or other exhibit that was summarized and interpreted was cited so the Court could review the item and reach its own conclusions.

10.     Plaintiff, Dr. Custer, admits in part and denies in part the allegations contained in Paragraph 10 of the Motions in Limine filed by Defendant, Geisinger.  It is admitted that the statement is a correct recitation of law.  However, it is denied that such concept is applicable to the Counter-Statement of Material Facts filed by Plaintiff, Dr. Custer, in this case.  To the contrary, the Counter-Statement of Material Facts was nothing more than a summary and interpretation of information contained in depositions, documents and other exhibits that were obtained during the discovery in this case in order to provide information to the Court in summary form to assist the Court in deciding the Motion for Summary Judgment then pending before the Court.  Every item

of deposition testimony, document or other exhibit was cited so the Court could review the item and reach its own conclusion.

11. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 11 of the Motions in Limine filed by Defendant, Geisinger. To the contrary, the Counter-Statement of Material Facts was nothing more than a summary and interpretation of information contained in depositions, documents and other exhibits that were obtained during the discovery in this case in order to provide information to the Court in summary form to assist the Court in deciding the Motion for Summary Judgment then pending before the Court. Every item of deposition testimony, document or other exhibit was cited so the Court could review the item and reach its own conclusion.

12. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 12 of the Motions in Limine filed by Defendant, Geisinger. To the contrary, since the Counter-Statement of Undisputed Material are not judicial admissions, Defendant, Geisinger, should not be permitted to introduce any and all such statements, since the statements consist of a summary and interpretation of information contained in depositions, documents and other exhibits that wer obtained during the discovery in this case in order to provide information to the Court in summary form to assist the Court in deciding the Motion for Summary Judgment then pending before the Court. Every item of deposition testimony, document or other exhibit was cited so the Court could review the item and reach its own conclusion.

WHEREFORE, Plaintiff, Dr. Custer, respectfully requests that this Honorable Court deny the Motion in Limine and issue an Order dismissing the Motion in Limine.

**B. MOTION IN LIMINE 2 – THAT, WITHOUT LIMITATION, PLAINTIFF BE PRECLUDED FROM PRESENTING ANY EVIDENCE WHICH CONTRADICTS STATEMENTS MADE IN HIS COUNTER-STATEMENT OF MATERIAL FACTS FILED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AS SUCH STATEMENTS CONSTITUTE JUDICIAL ADMISSIONS.**

13. Plaintiff, Dr. Custer, admits in part and denies in part the allegations contained in Paragraph 13 as stated. Although it is admitted that Plaintiff, Dr. Custer, filed a Counter Statement of Material Fact as part of the submission in opposition to the Motion for Summary Judgment filed by Defendant, Geisinger. However, the Counter-Statement of Material Facts was nothing more than a summary and interpretation of information contained in depositions, documents and other exhibits that were obtained during the discovery in this case in order to provide information to the Court in summary form to assist the Court in deciding the Motion for Summary Judgment then pending before the Court. Every item of deposition testimony, document or other exhibit was cited so the Court could review the item and reach its own conclusion.

14. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 14 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, the Counter Statement of Material Facts is not a judicial admission and therefore Plaintiff, Dr. Custer, may produce any evidence that supports his case during the trial of this case.

WHEREFORE, Plaintiff, Dr. Custer, respectfully requests that this Honorable Court deny the Motion in Limine and issue an Order dismissing the Motion in Limine.

### C. MOTION IN LIMINE 3 – THAT, WITHOUT LIMITATION, PLAINTIFF BE PRECLUDED FROM PRESENTING ANY EVIDENCE AS TO THE ALLEGED PERCEPTIONS HELD BY CO-WORKERS WITH REGARD TO PLAINTIFF'S ALLEGED DISABILITY.

15. Plaintiff, Dr. Custer, admits the allegations contained in Paragraph 15 of the Motion in Limine filed by Defendant, Geisinger.

16. Plaintiff, Dr. Custer, admits the allegations contained in Paragraph 16 of the Motion in Limine filed by Defendant, Geisinger, only as a correct summary of the law.

17. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 17 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, an employer can be held liable for the comments and opinions of an employee's co-workers.

18. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 18 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, Defendant, Geisinger, does have liability based upon the perception of his co-workers, including those in supervisory capacity and involved in the decision making process, that Plaintiff, Dr. Custer, was disabled.

19. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 19 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, such evidence, testimony and other exhibits are admissible.

WHEREFORE, Plaintiff, Dr. Custer, respectfully requests that this Honorable Court deny the Motion in Limine and issue an Order dismissing the Motion in Limine.

### D. MOTION IN LIMINE 4 – THAT, WITHOUT LIMITATION, PLAINTIFF BE PRECLUDED FROM PRESENTING ANY EVIDENCE THAT HE WAS PERCEIVED AS DISABLED BY PATIENTS.

20. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 20 of the Motion in Limine filed by Defendant, Geisinger. Although patients' alleged perceptions of Plaintiff, Dr. Custer, may be part of circumstantial evidence that caused Defendant, Geisinger, to discriminate against Plaintiff, Dr. Custer, Plaintiff, Dr. Custer, is not claiming that the perceptions the patients was a cause of the discrimination but may have been a result of the discrimination exhibited by Defendant, Geisinger.

21. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 21 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, Defendant, Geisinger, may be liable for perceptions held by others that influence the actions of the decision makers with regard to Plaintiff, Dr. Custer's employment.

22. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 22 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, the perceptions held by others influenced the perceptions and actions of the decision makers; therefore, Defendant, Geisinger, can be held liable for discrimination pursuant to the Americans with Disabilities Act.

23. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 23 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, to the extent

that the perceptions held by others influenced the perceptions and actions of the decision makers, said evidence must be admitted.

WHEREFORE, Plaintiff, Dr. Custer, respectfully requests that this Honorable Court deny the Motion in Limine and issue an Order dismissing the Motion in Limine.

    **E.    MOTION IN LIMINE 5 – THAT DEFENDANTS BE PERMITTED TO INTRODUCE EVIDENCE REGARDING THE PLAINTIFF'S MALPRACTICE SETTLEMENT WITH THE DEFENDANTS WHEN SAME IS RELEVANT TO THE ISSUE OF MITIGATION OF DAMAGES.**

24.-31.    This Motion in Limine was withdrawn by Defendant, Geisinger, as improvidently filed.

    **F.    MOTION IN LIMINE 6 – THAT DEFENDANTS BE PERMITTED TO INTRODUCE EVIDENCE REGARDING THE PLAINTIFF'S RECEIPT OF DISABILITY BENEFITS FROM A DISABILITY PLAN SPONSORED BY THE DEFENDANTS WHEN SUCH IS RELEVANT TO THE ISSUE OF MITIGATION OF DAMAGES.**

32.    Plaintiff, Dr. Custer, admits in part and denies in part the allegations contained in Paragraph 32 of the Motion in Limine filed by Defendant, Geisinger.  It is admitted that following his illness, Plaintiff, Dr. Custer, applied for and received disability benefits from a disability program.  It is denied, however, that the disability policy of insurance was funded by Defendant, Geisinger.  To the contrary, it is a purchased group policy that is a part of the group benefits provided by Defendant, Geisinger, to all of its employees.

33. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 33 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, the money received from the disability policy is a collateral source and not relevant to the issues involved in this matter.

34. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 34 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, the money received from the disability policy is a collateral source and not relevant to the issues involved in this matter.

35. Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 35 of the Motion in Limine filed by Defendant, Geisinger. To the contrary, the money received from the disability policy is a collateral source and not relevant to the issues involved in this matter. Therefore, any such evidence, testimony or other materials should not be admitted at the trial of this case.

WHEREFORE, Plaintiff, Dr. Custer, respectfully requests that this Honorable Court deny the Motion in Limine and issue an Order dismissing the Motion in Limine.

**G.    MOTION IN LIMINE 8 – THAT, WITHOUT LIMITATION, PLAINTIFF BE PRECLUDED FROM INTRODUCING LOST WAGES AFTER THE DATE ON WHICH HIS CONTRACT FOR EMPLOYMENT WITH GEISINGER EXPIRED.**

36. Plaintiff, Dr. Custer, admits the allegations contained in Paragraph 36 of the Motion in Limine filed by Defendant, Geisinger.

37.    Plaintiff, Dr. Custer, admits in part and denies in part the allegations contained in Paragraph 37 of the Motion in Limine filed by Defendant, Geisinger.  It is admitted that there was a writing evidencing the terms of the employment.  Because the document referred to as Exhibit "A" in the Motion in Limine was not received by Plaintiff, Dr. Custer, such allegation related to said document can be neither admitted nor denied.

38.    Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 38 of the Motion in Limine filed by Defendant, Geisinger, as stated.  Although the recitation of the law may be correct, it does not apply to this case.  Even if the period of time to February 4, 1999 would have elapsed, if there was no extension given, the reason for not extending the time period would not have been for permissible reasons but for the same discriminatory reasons as existed for the termination.

39.    Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 39 of the Motion in Limine filed by Defendant, Geisinger, as stated.  Even if the period of time to February 4, 1999 would have elapsed, if there was no extension given, the reason for not extending the time period would not have been for permissible reasons but for the same discriminatory reasons as existed for the termination.

40.    Plaintiff, Dr. Custer, denies the allegations contained in Paragraph 40 of the Motion in Limine filed by Defendant, Geisinger.  To the contrary, evidence of lost wages after February 4, 1999 is admissible.

WHEREFORE, Plaintiff, Dr. Custer, respectfully requests that this Honorable Court deny the Motion in Limine and issue an Order dismissing the Motion in Limine.

PETERS & WASILEFSKI

By: *s/Charles E. Wasilefski*
Charles E. Wasilefski
Attorney ID #21027
2931 North Front Street
Harrisburg, PA 17110-1250
[717] 238-7555, Ext. 110
Attorney for Plaintiff,
Christopher C.L. Custer, M.D.

Date: October 12, 2005