IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER C.L. CUSTER, M.D., | : : : | |
| Plaintiff | : : | Case No. 4:00-CV-1860 |
| v. | : : | Judge Jones |
| PENN STATE GEISINGER HEALTH SYSTEM, GEISINGER MEDICAL GROUP - LEWISTOWN,: PENN STATE GEISINGER CLINIC,: t/d/b/a PENN STATE GEISINGER HEALTH GROUP - LEWISTOWN | : : : : : : : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**November 1, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion in Limine (doc. 89) filed by Defendants Penn State Geisinger Health System, Geisinger Medical Group - Lewistown, Penn State Geisinger Clinic t/d/b/a/ Penn State Geisinger Health Group - Lewistown (collectively "Defendants") for a ruling as to the admissibility of certain evidence which Defendants or Plaintiff Christopher C. L. Custer, M.D. ("Custer" or "Plaintiff") may rely upon in support of their respective cases at trial.

1

**DISCUSSION:**

    **A.**    **Defendants' Motion in Limine that Defendants be Permitted To Introduce Statements Made By Plaintiff in his Counter-Statement of Material Facts Submitted in Opposition to Defendant's Motion for Summary Judgment As Binding Judicial Admissions.**

In its Motion, Defendants move the Court to permit them to introduce statements made by Plaintiff in his counter-statement of material facts (doc. 33) submitted in opposition to Defendants' motion for summary judgment (doc. 25) as binding judicial admissions. (Rec. Doc. 89 at 2).

As discussed in the pre-trial conference held on October 3, 2005, we equate Plaintiff's statements made in his counter-statement of material facts (doc. 33) as judicial admissions or as answers to requests for admissions pursuant to Fed. R. Civ. Pro. 36.  If Plaintiff's statements are relevant, they can be used for both the purposes of questioning Plaintiff at trial and consideration by the court as binding factual instructions to the jury.  However, inasmuch as we cannot determine relevancy prior to trial, we defer a ruling on the admissibility of each particular statement to the time of trial.

    **B.**    **Defendants' Motion in Limine To Preclude Plaintiff from Presenting any Evidence Contradicting Statements Made By Plaintiff in his Counter-Statement of Material Facts Submitted in Opposition to Defendant's Motion for Summary Judgment.**

As discussed above, we equate Plaintiff's statements made in his counter-

statement of material facts (doc. 33) as judicial admissions or as answers to requests for admissions pursuant to Fed. R. Civ. Pro. 36. It is well settled that judicial admissions are conclusive and binding on the party making the admission. See Glick v. White Motor Company, 458 F.2d 1287, 1291 (3d Cir. 1972). Due to the binding nature of the admissions, it follows logically that Plaintiff will not be permitted to present evidence at trial contradicting the admissions made by him in his counter-statement of material facts. (Rec. Doc. 33). As previously noted, this assumes that the admissions are found to be sufficiently relevant so that they enter the trial record. Finally, while the admissions, if admitted at trial, will be binding upon Plaintiff, it is not our intention to preclude some elaboration by Plaintiff which is designed to explain, but not to contradict an admitted fact.

    **C.**     **Defendants' Motion in Limine to Preclude Plaintiff from Presenting Any Evidence as to the Alleged Perceptions Held by Co-Workers With Regard to the Plaintiff's Alleged Disability.**

Defendants seek to have us rule that Plaintiff be precluded from introducing any evidence of the alleged perceptions held by Plaintiff's co-workers with regard to Plaintiff's disability. Defendants argue that Plaintiff's co-workers' perceptions are irrelevant because they cannot support liability against the corporate Defendants. Moreover, Defendants argue that introduction of the co-workers' perceptions of Plaintiff's disability would be prejudicial.

3

Under the Americans With Disabilities Act ("ADA"), an individual who is "regarded as" being disabled by his employer is deemed disabled within the purview of the ADA. See 42 U.S.C. § 12102(2)(C). As discussed in the pre-trial conference held on October 3, 2005, a critical issue in this case appears to be the determination of who was the employer or decisionmaker and was that person or group of persons aware of the perceptions of Plaintiff's co-workers. Defendants state a well-founded fear that, in a vacuum, statements of perceptions of Plaintiff's co-workers without linking the statements to actual decisionmakers would be potentially prejudicial.

Therefore, to the extent that the Plaintiff can show that the co-workers' perceptions were shared with an individual Plaintiff has established to be a decision maker, then that individual's perception would be relevant and admissible. We will defer an ultimate ruling on admissibility the individual co-workers' perceptions to trial, and the statements of perceptions may only be admitted if they were communicated to the "employer" or decision maker.

    **D.**    **Defendants' Motion in Limine to Preclude Plaintiff from Presenting Any Evidence that He was Perceived as Disabled by Patients**

In the pre-trial conference, both parties stipulated that neither will call patients as witnesses at trial. Therefore, this motion in limine is dismissed as moot.

### E. Defendants' Motion in Limine that Defendants be Permitted to Introduce Evidence Regarding the Plaintiff's Receipt of Disability Benefits

Defendants seek to have us rule that they may introduce evidence at trial that Plaintiff received disability benefits from a Geisinger-funded employee disability insurance policy. Defendants intend to use this evidence to show that Plaintiff had a disincentive to increase his patient-load because, under the disability policy, Plaintiff became disentitled to certain benefits if he earned over a certain salary per year. Defendants argue that such evidence is relevant to the issue of causation as to the Plaintiff's claimed damages, because the existence of the policy did not motivate Plaintiff to mitigate his damages.

Plaintiff argues that Defendants may not introduce evidence of Plaintiff's receipt of disability benefits pursuant to the collateral source rule. Under the collateral source rule, payments from a collateral source may not be used to diminish the damages otherwise recoverable from a wrongdoer. The purpose of the collateral source rule is to prevent a tortfeasor from benefitting from a third-party's payment to an injured party. However, if a tortfeasor pays a portion of the injured party's damages, any future recovery against that tortfeasor will be diminished by sums already paid by him. See Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc., 171 F.3d 912, 929 n. 9 (3d Cir. 1999).

Defendants argue that the collateral source rule is not applicable because Defendants are not seeking a credit for any benefits paid to the Plaintiff under the disability policy. Rather, Defendants seek to introduce evidence of the policy only to show "the extent to which it had an effect on the Plaintiff's production while still employed by the Defendants, and the extent to which it motivated (or did not motivate) the Plaintiff to find further employment following his termination from Geisinger." (Rec. Doc. 105 at 5).

We agree with Defendants that evidence of Plaintiff's receipt of disability benefits is both highly relevant to and probative of Plaintiff's incentive to mitigate his damages. We do not agree with Plaintiff that the evidence must be barred pursuant to the collateral source rule, because the evidence of disability benefits paid to Plaintiff is not being used as a credit benefitting Defendant in a damages calculation. Slavish adherence to the collateral source rule, beyond logic and common sense, would prevent Defendants from placing this relevant evidence concerning Plaintiff's motivation to work before the jury. We will thus allow Defendants to present this evidence at trial, subject to a limiting instruction to the jury that the Court may deem necessary at trial.

**F.     Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence of Lost Wages After the Date on which his Contract for Employment with Geisinger Expired.**

Defendants seek to have us rule that Plaintiff be precluded from introducing evidence of lost wages after February 4, 1999, the date upon which Plaintiff's employment contract with Defendants was due to expire. Defendants argue that Plaintiff may only introduce evidence of lost wages from the date of his termination until the date his contract was due to lawfully expire.

Plaintiff argues that he should be permitted to introduce evidence of lost wages from the date of his termination until the date of trial. Plaintiff argues that it was the "custom" of Defendants to extend employment "understandings" for additional periods of one year. Plaintiff also argues that had Defendants failed to extend Plaintiff's employment contract by the customary 1 year period in February of 1999, it would have been for impermissible discriminatory reasons, and therefore Plaintiff should be able to introduce evidence of lost wages from the date of termination to the present (Rec. Doc. 104 at 15).

Although heartily argued, we cannot accept Plaintiff's argument for several reasons. First, although Plaintiff argues that it was the "custom" of Defendants to extend employment understandings by period of one year, Plaintiff offers no evidence whatsoever to support this allegation. Second, Plaintiff's allegation that any refusal by Defendants to extend Plaintiff's employment contract could only be based discrimination is unfounded. Third, even if the "custom" that Plaintiff

7

alleges actually exists within Defendants' business, Defendants cannot be held legally responsible for failure to comply with a custom.  Contrary to Plaintiff's allegation, Defendants do not have a burden of showing that if the employment arrangement was not extended that it was for non-discriminatory reasons.  In fact, the nature of a fixed employment term is that it will end upon a date certain.  With respect to Plaintiff, it was legally certain that his employment contract with Defendants did not extend beyond February 4, 1999.  Whether his contract was to be extended by the customary good will of Geisinger cannot guide our decision on the admissibility of this evidence because the extension was not a legal certainty.

Therefore, Plaintiff is entitled to introduce evidence of lost wages from the date of his alleged discriminatory termination until February 4, 1999, the date his employment contract with Defendants was due to expire.  Plaintiff is precluded from introducing evidence of lost wages beyond February 4, 1999.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendants' Motion in Limine that Defendants be Permitted To Introduce Statements Made By Plaintiff in his Counter-Statement of Material Facts Submitted in Opposition to Defendant's Motion for Summary Judgment As Binding Judicial Admissions is GRANTED in part and DEFERRED in part.

2. Defendants' Motion in Limine to Preclude Plaintiff from Presenting any Evidence Contradicting Statements Made By Plaintiff in his Counter-Statement of Material Facts Submitted in Opposition to Defendant's Motion for Summary Judgment is GRANTED.

3. Defendants' Motion in Limine to Preclude Plaintiff from Presenting Any Evidence as to the Alleged Perceptions Held by Co-Workers With Regard to the Plaintiff's Alleged Disability is DEFERRED to trial.

4. Defendants' Motion in Limine to Preclude Plaintiff from Presenting Any Evidence that He was Perceived as Disabled by Patients is DISMISSED as moot.

5. Defendants' Motion in Limine that Defendants be Permitted to Introduce Evidence Regarding the Plaintiff's Receipt of Disability Benefits is GRANTED.

6. Defendants' Motion in Limine for To Preclude Plaintiff from Introducing Evidence of Lost Wages After the Date on which his Contract for Employment with Geisinger Expired is GRANTED.

s/ John E. Jones III<br>
John E. Jones III<br>
United States District Judge